IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| WILLIAM H. MELVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:11-cv-00288 |
| | ) |
| PYOD, LLC, and | ) |
| TOBIE GRIFFIN | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants PYOD, LLC ("PYOD"), and Tobie Griffin ("Griffin") (collectively, the "Defendants"), by and through their undersigned attorneys and pursuant to Federal Rule of Civil Procedure 12(c), submit this brief in support of their Joint Motion for Judgment on the Pleadings, as against Plaintiff William Melvin ("Plaintiff"). Plaintiff has failed to state a claim upon which relief can be granted. Defendants request that the Court dismiss all claims asserted against them, with prejudice and on the merits, as the claims set forth by Plaintiff do not set forth any cognizable claim under the FDCPA.

## **FACTS**

The original creditor of Plaintiff's debt, CitiFinancial, at some point prior to September 30, 2010, assigned the debt to Defendant PYOD. (Compl. ¶ 10; Joint Answer of PYOD and Griffin ("Answer") ¶ 10.) Plaintiff alleges that, on or about September 30, 2010, PYOD filed a lawsuit in the General Sessions Court of Sullivan County, Tennessee. (Compl. ¶ 11.) Although Plaintiff states that a copy of the

1909145v1

collection lawsuit is attached to the Complaint as an Exhibit, no Exhibits were filed with the Complaint, or since. (*See generally* Compl., docket; Answer ¶ 11.) Allegedly, the lawsuit contained both a Civil Warrant and a sworn affidavit, signed by Defendant Griffin, an authorized agent of PYOD (the "Griffin Affidavit").[1] (Compl. ¶¶ 11, 51.) According to Plaintiff, prior to the trial date, Defendant PYOD moved the General Sessions Court to dismiss the state court lawsuit. (Compl. ¶ 33.)

Plaintiff alleges that Defendants sought to dismiss the state court lawsuit because they did not have the requisite underlying documents to prove up their case and that Defendants thereby violated the FDCPA. Specifically, Plaintiff alleges that:

- Defendants falsely represented the character, amount, and legal status of Plaintiff's debt, in violation of 15 U.S.C. § 1692e(2)(A) (Compl. ¶ 46);

- Defendants' false representations were used in an attempt to collect Plaintiff's debt, in violation of 15 U.S.C. § 1692e(10) (Compl. ¶ 46);

- Defendants communicated to the General Sessions Court, the general public and Plaintiff credit information that they knew, or should have known, to be false, in violation of 15 U.S.C. § 1692e(8) (Compl. ¶ 47);

- Defendants attempted to collect amounts (principal and pre- and post-judgment interest) not expressly authorized by the agreement creating Plaintiff's debt or permitted by law, in violation of 15 U.S.C. § 1692f(1) (Compl. ¶ 48); and

- Defendants threatened to take action that could not legally be taken, in violation of 15 U.S.C. § 1692e(5) (Compl. ¶ 49).

---

[1] Again, the Exhibits Plaintiff references in the Complaint are nowhere in the record.

Plaintiff alleges that the Griffin Affidavit, in particular, constitutes a false representation, that Griffin made the affidavit without knowledge of the facts underlying it, and that Defendants PYOD proceeded with collection and the state court lawsuit even though it didn't have what Plaintiff would deem adequate documentation of Plaintiff's underlying debt. (*See* Compl. at ¶¶ 50-58, 61-64 41-67.) Finally, Plaintiff alleges that PYOD's actions violated the FDCPA insofar as PYOD is, by Plaintiff's lights, a "collection service" under Tennessee law and has not obtained a Tennessee collection service license. (Compl. ¶¶ 76-77.)

None of these allegations give rise to a cognizable claim under the FDCPA, and as against both Defendants, Plaintiff's claims should be dismissed in their entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(c).

## **LEGAL ARGUMENT**

I. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) allows a defendant to move for judgment on the pleadings after the pleadings have closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standard as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Comm. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007); *Spivey v. State of Ohio*, 999 F. Supp. 987, 991 (N.D. Ohio 1998). As such, when a party moves for judgment on the pleadings pursuant to Rule 12(c), a court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to

3

judgment as a matter of law." *Comm. Money Ctr.*, 508 F.3d at 336. However, a court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Id.* Indeed, "[t]o state a valid claim, a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Comm. Money Ctr.*, 508 F.3d at 336.

With respect to the pleading requirements necessary to survive a motion for judgment on the pleadings pursuant to Rule 12(c), "a plaintiff's obligation to provide the 'grounds' of 'his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of cause of action will not do." *Swartz Ambulance Serv., Inc. v. Genesee County*, 666 F. Supp. 2d 721, 724 (E.D. Mich. 2009) (quoting *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291 (6th Cir. 2008), in turn quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Though a plaintiff need not provide specific facts to avoid a dismissal under Rule 12(b)(6), he must include sufficient factual information to provide the "grounds" on which her claim rests, and to raise a right to relief beyond a "speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 & n.3 (2007). In applying that standard, a court is free to disregard "legal conclusions" and "unwarranted factual inferences." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). Indeed, a plaintiff must state "a claim to relief that is plausible on its face." *Twombly* at 570.

As further elaborated in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009), the United States Supreme Court held that in order to withstand a Rule 12(b)(6) motion to dismiss a complaint must set forth facts showing that a claim is "plausible":

4

> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. … But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

*Ashcroft*, 129 S.Ct. at 1950 (emphasis added, internal citation omitted).

"The purpose of [Rule 12(b)(6)] is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail." *Advanced Cardiovascular Sys. Inc. v. ScimedLife Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). In order to survive a motion to dismiss, a complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 547. A claim has "facial plausibility," further, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When the allegations in a complaint cannot support a claim of entitlement to relief, the claim should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *see also Iqbal*, 129 S. Ct. at 1949 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility.") (internal citation omitted).

II. **PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW**

    A. **Plaintiff has failed to state a cause of action under 15 U.S.C. § 1692e(2)(A), § 1692e(8), or § 1692e(10).**

Section 1692e prohibits debt collectors from making "false, deceptive, or

5

misleading communications in connection with the collection of any debt," 15 U.S.C. § 1692e, and prohibits certain conduct on the part of debt collectors.  Plaintiff claims that Defendants violated several subsections of § 1692e, yet all of Plaintiff's claims fall short of the plausibility standard necessary to survive *Twombly/Iqbal* analysis.

The crux of Plaintiff's claims is that Defendants PYOD's filing of a lawsuit (and the supporting affidavit of Defendant Griffin), without immediate means of proving the debt, violated the FDCPA.  Though Plaintiff argues some version of this basic grievance under several of § 1692e's subsections -- §§ 1692e(2)(A), 1692e(5), 1692e(8), and 1692e(10) – established precedent on this issue illustrates that Plaintiff has not made out cognizable claims against Defendants,

A debt collector does not violate the FDCPA when it files a collection lawsuit without having immediate means to prove up the debt.  *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 331-33 (6th Cir. 2006).  Nor does the FDCPA require debt collectors to be *certain* they will prevail on their claims before they file collection lawsuits.  *See Hill v. Javitch, Block & Rathbone, LLP*, 574 F. Supp. 2d 819, 824 (S.D. Ohio 2008); *see also Deere v. Javitich, Block & Rathbone, LLP*, 413 F. Supp. 2d 886, 891 (S.D. Ohio 2006) ("filing a lawsuit supported by the client's affidavit attesting to the existence and amount of a debt [is] not a false representation about the character or legal status of a debt, nor is it unfair or unconscionable").  Indeed, as the *Harvey* Court stated, "Rule 11 of the Federal Rules of Civil Procedure does not require attorneys to ensure that their client can prove its case before filing. Instead, the Rule mandates only that 'the allegations and other factual contentions have evidentiary support or, if

specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.'" *Harvey*, 453 F.3d at 333.

Like the plaintiffs in *Harvey*, *Hill*, and *Deere*, Plaintiff Melvin seeks to impose liability on Defendants for the mere filing of a collection lawsuit. Here, as in those cases, the lawsuit was voluntarily dismissed before it went to trial.

Most importantly for purposes of the FDCPA claims Plaintiff attempts to assert, Plaintiff did not plead that he had not incurred the underlying debt to CitiFinancial, or that the amount of the debt claimed by PYOD was false.[2] (*See generally* Compl.) Insofar as Plaintiff has not pleaded that Defendants falsely represented the fact of the *underlying* debt itself or the amount of the debt, he has not pleaded a violation of § 1692e(2)(A).

Notably, under another section of the FDCPA – 15 U.S.C. § 1692g – if there is no dispute within 30 days from the consumer's receipt of the validation of debt notice defined in that section, the collector can assume the debt is valid. Courts have held that if a debtor doesn't dispute a debt, the basis of any subsequent lawsuit against the collector can't be a dispute of the debt itself. *See, e.g. Richmond v. Higgins*, 435 F.3d 825 (8th Cir. 2006) (where a debtor failed to dispute the account until after the 30-day validation period expired, the debtor could not later claim FDCPA violations on what was otherwise a previously undisputed account). In *Richmond*, the underlying debt existed long before the debtor's untimely dispute; the Court stated that no valid claim

---

[2] Although Plaintiff does claim that he filed a sworn denial in the collection lawsuit, he states in the Complaint only that he had not entered into any agreement with Defendant PYOD, LLC "for the repayment of debt or otherwise." (Compl. ¶ 32.)

7

Case 2:11-cv-00288-JRG-DHI Document 7 Filed 12/27/11 Page 7 of 12 PageID #: 70

existed and "[t]o hold otherwise would be to sanction consumer conduct that the FDCPA clearly did not contemplate." *Id.*[3].

Second, Plaintiff has not pleaded that the information Defendants communicated to the General Sessions court, the general public, or Plaintiff himself, allegedly in violation of § 1692e(8), was false, or that Defendants knew or should have known such information to be false. Given that no false representation has been pleaded, it follows that Plaintiff has similarly not made out a claim under § 1692e(10) inasmuch as Defendants have not used a false representation or deceptive means to collect the debt. The Court should find, as the *Harvey* Court did, that Plaintiff has not pleaded a claim that Defendants' conduct was "false, deceptive, or misleading" in violation of §1692e (or any of its subsections).[4]

Finally, contrary to Plaintiff's assertions, the Griffin Affidavit itself does not give

---

[3] *See also Lindbergh v. Transworld Systems, Inc.*, 846 F.Supp. 175 (D. Conn. 1994) (rejecting a plaintiff's purported FDCPA cause of action on the ground that plaintiff failed to take advantage of the statutory debt validation procedure but, instead, instituted litigation); *Bleich v. The Revenue Maximization Group, Inc.*, 233 F.Supp.2d 496 (E.D.N.Y. 2002) (holding that if a debt collector includes the proper debt validation language, the allegation that a debt is invalid is insufficient upon which to make a claim under the FDCPA); *Bashore v. Resurgent Capital Services, L.P.*, 2011 WL 1304461 (E.D. Tex. 2011) (holding that as the plaintiff waited four months to notify the debt collector that she disputed the account, she could not be allowed to proceed with a claim that the collection efforts were illegal); *Carpenter v. RJM Acquisitions, LLC*, ___ F.Supp.2d ____, 2011 WL 2148342 (D. Minn. 2011) (holding that a "consumer cannot circumvent the statute's procedural device to dispute the validity of a debt by filing an action pursuant to § 1692e on the sole basis that the debt is invalid."); *Schaefer v. ARM Receivable Management, Inc.*, 2011 WL 2847768 at FN 3 (D. Mass. 2011) (noting that the failure to dispute a debt preempts a claim based upon a collectors attempts to collect upon a previously undisputed debt).

[4] Although Plaintiff does cite "deceptive and misleading representations" throughout the Complaint (*see, e.g.* Compl. ¶ 38-39), it is not clear from the Complaint what representations Plaintiff is referring to.

8

rise to any liability on Defendant Griffin's part, or on Defendant PYOD's part under Plaintiff's *respondeat superior* theory.  According to Plaintiff himself, Defendant Griffin's sworn affidavit provides that the business records related to Plaintiff's debt "are a compilation of the information provided upon acquisition [by PYOD of Plaintiff's debt]." (*See* Compl. ¶ 51(d).)  Nevertheless, Plaintiff labels the Griffin Affidavit as "false, deceptive, and misleading" (*see, e.g., id*. at ¶¶ 61-62, 64, 66-68), and alleges that it too violates the FDCPA.

Plaintiff's assertions regarding the veracity of the Griffin Affidavit are exactly the sort of "formulaic recitation of the elements of a cause of cause of action" that cannot survive *Twombly/Iqbal* scrutiny.  *See Swartz Ambulance*, 666 F. Supp. 2d at 724.  With respect to the collection lawsuit generally, and the Griffin Affdavit in particular, Plaintiff has failed to plead the requisite facts that would allow the court to draw the reasonable inference that Defendants are liable for the alleged violations of the FDCPA. *See Iqbal*, 129 S. Ct. at 1949.  The Court should therefore dismiss Plaintiff's 15 U.S.C. §§ 1692e(2)(A), 1692e(8), and 1692e(10) claims in their entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(c).

      B.    **Plaintiff has failed to state a cause of action under 15 U.S.C. § 1692e(5), or § 1692f(1).**

Plaintiff's second overarching argument is that Defendants violated 15 U.S.C. §§ 1692e(5), and 1692f by threatening to take an action that could not legally be taken and by attempting to collect an amount not expressly authorized by the underlying agreement or permitted by law, respectively.  Plaintiff alleges that PYOD did not have a valid collection service license in Tennessee and therefore violated the Tennessee

Collection Services Act, Tenn. Code Ann. § 62-20-101 *et seq.*, and by extension, the FDCPA. Tenn. Code. Ann. § 62-20-105(a) provides that "[n]o person shall commence, conduct or operate any collection service business in this state unless the person holds a valid collection service license issued by the board under this chapter or prior state law." Plaintiff alleges that Defendant PYOD's failure to obtain a collection license violates the Tennessee statutes and the FDCPA.

### 1. Under Tennessee State Law, PYOD Is Not Required to Be Licensed.

Plaintiff alleges that PYOD violated the Tennessee statutes and FDCPA by not being a licensed collection service in Tennessee. This argument is specious. Although Plaintiff has not provided copies of the referenced Exhibits, and it is not clear from the record whether PYOD brought the Complaint on its own behalf, or whether it hired attorneys to do so, it makes no difference to whether PYOD was required to be licensed as a "collections service." Tenn. Code Ann. § 62-20-103(b) states that "[n]othing contained within this chapter shall be construed to require an individual or business entity that collects only the individual's or its own unpaid accounts to submit to licensure or regulation by the collection service board." Insofar as PYOD owns the debt in question, it is exempted from the licensure requirement in any event.

Here again, Plaintiff has simply not made out a facially plausible claim against either of the Defendants, under 15 U.S.C. § 1692e(5) or § 1692f. To the extent that Plaintiff has pleaded only the bare elements of causes of action under these provisions, without any facts that suggest any actual liability on either of the Defendants' parts, Plaintiff has failed to meet the pleading requirements of the Federal Rules of Civil

Procedure and the *Twombly/Iqbal* jurisprudence. Plaintiff's §§ 1692e(5) and 1692f claims should therefore be dismissed in their entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(c).

## CONCLUSION

For all of the above reasons, Plaintiff's allegations fail to state any cause of action against either of the Defendants upon which relief may be granted. Accordingly, Defendants respectfully request that all claims against them be dismissed with prejudice and on the merits.

Respectfully submitted,

**ADAMS AND REESE, LLP**

By: /s Craig L. Meredith
Tricia T. Olson (#24643)
Craig L. Meredith (#29506)
ADAMS AND REESE, LLP
424 Church Street, Suite 2800
Nashville, Tennessee 37219
Tel: (615) 259-1450
Fax: (615) 259-1470
tricia.olson@arlaw.com
craig.meredith@arlaw.com

**MOSS & BARNETT**
A Professional Association
Michael S. Poncin (MN Bar #296417)*
Sarah E. Doerr (MN Bar #338679)*
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
Telephone: (612) 877-5000

*Not admitted *Pro Hac Vice*

**ATTORNEYS FOR DEFENDANTS**

11

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been sent via the Court's CM/ECF system to:

> Everett H. Mechem
> Mechem Law Firm, P.C.
> 220 Broad Street, Suite 206
> Kingsport, TN 37660
> Tel: (423) 207-1300
> Mechem@charter.net

This 27th day of December, 2011.

                                      s/ Craig L. Meredith