UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| LORINDA SMITH | ) | NO. 11-CV-379 |
| | ) | |
| JOAN LEPAGE | ) | NO. 2:12-CV-1 |
| | ) | |
| GREG SWANSON | ) | NO. 2:12-CV-2 |
| | ) | |
| ALFRED HICKMAN | ) | NO. 2:12-CV-45 |
| | ) | |
| SAMUEL VOORHEES | ) | NO. 2:12-CV-77 |
| | ) | |
| ALICE SMITH | ) | NO. 3:11-CV-510 |
| | ) | |
| ROBERT BRADFORD | ) | NO. 2:11-CV-291 |
| | ) | |
| MARY SMITH | ) | NO. 2:11-CV-356 |
| | ) | |
| CARL SELLS | ) | NO. 2:11-CV-355 |
| | ) | |
| ANGELA FITCH | ) | NO. 2:12-CV-56 |
| | ) | |
| V. | ) | |
| | ) | |
| LVNV FUNDING, LLC., *ET AL.* | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WILLIAM H. MELVIN | ) | NO. 2:11-CV-288 |
| | ) | |
| V. | ) | |
| | ) | |
| PYOD, LLC, *ET AL.* | ) | |

**COMBINED MOTION AND MEMORANDUM OF LAW OF
LVNV FUNDING, LLC, AND PYOD, LLC TO STAY DISCOVERY
PENDING RESOLUTION OF DISPOSITIVE MOTIONS**

Comes now LVNV Funding, LLC, and PYOD, LLC, Defendants in the above-captioned

matters, which have been consolidated for purposes of discovery, by and through their

undersigned counsel, and pursuant to Fed. R. Civ. P. 6(b) and 26, hereby respectfully move this

Court for an Order staying all discovery, including written discovery and deposition practice in these matters until such time as the Court has ruled upon the case-dispositive Motions to Dismiss and Motions for Judgment on the Pleadings that are pending in each of the above-captioned matters. In support of this Motion, LVNV and PYOD state as follows:

## I. BACKGROUND

### A. Facts & Procedural History

Over the past several months, nearly a dozen lawsuits have been filed against Defendant LVNV, and one against Defendant PYOD, LLC, in the United States District Court for the Eastern District of Tennessee (the "Lawsuits")[1]. Filed on behalf of individual consumer plaintiffs by one of two attorneys, each Lawsuits alleges that LVNV and PYOD violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

The facts alleged in each of the Lawsuits are nearly identical. In each case, Defendant LVNV or PYOD owned a debt incurred by the Plaintiff-consumer. In each case, LVNV or PYOD hired a law firm in Tennessee to collect that debt, and the law firm, on LVNV's or PYOD's behalf, filed a civil warrant in Tennessee's General Sessions Court. In each case, the civil warrant was supported by the sworn affidavit of an authorized representative of LVNV or PYOD, attesting to LVNV's or PYOD's ownership of the debt at issue. In each case (except for *Melvin v. PYOD, LLC, et al.*, in which only the affiant is named), both the law firm and LVNV's

---

[1] *Bradford v. LVNV Funding, LLC, Tobie Griffin, and Buffaloe & Associates, PLC* (Case No. 2:11-cv-291); *Mary Smith v. LVNV Funding, LLC, Steve Hawkins, and Hosto & Buchan, PLLC* (Case No. 2:11-cv-0356); *Sells v. LVNV Funding, LLC, Steve Hawkins, and Hosto & Buchan, PLLC* (Case No. 2:11-cv-00355); *Alice Smith v. LVNV Funding, LLC, Tobie Griffin, and Buffaloe & Associates, PLC* (Case No. 3:11-cv-510); *Lorinda Smith v. LVNV Funding, LLC, Steve Hawkins, and Hosto & Buchan, PLLC* (Case No. 2:11-cv-00379); *LePage v. LVNV Funding, LLC, Nikki Foster, and Nathan & Nathan, PC* (Case No. 2:12-cv-00001); *Swanson v. LVNV Funding, LLC, Nikki Foster, and Nathan & Nathan, PC* (Case No. 2:12-cv-00002); *Hickman v. LVNV Funding, LLC, Tobie Griffin, and Nathan & Nathan, PC* (Case No. 2:12-cv-00045); *Fitch v. LVNV Funding, LLC, Tobie Griffin, and Hosto & Buchan, PLLC* (Case No. 2:12-cv-00056); *Voorhees v. LVNV Funding, LLC, Nikki Foster, and Buffaloe & Associates, PLC* (Case No. 2:12-cv-00077); and *William H. Melvin v. PYOD, LLC & Tobie Griffin* (Case No. 2:11-cv-00288).

2

or PYOD's authorized representative are named as defendants (in addition to defendant LVNV or PYOD). Plaintiffs in each case allege not only that the law firms and LVNV/PYOD representatives are individually liable under the FDCPA, but also that *respondeat superior* liability attaches to the law firms and representatives because they acted on LVNV's or PYOD's behalf.

In each case, the crux of Plaintiff's allegations is that Defendants did not, at the time the state court collection lawsuit was filed in General Sessions Court, have the requisite underlying documents to prove up their case and that Defendants therefore violated the FDCPA. Specifically, Plaintiff alleges that:

- Defendants falsely represented the character, amount, and legal status of Plaintiffs' debts, in violation of 15 U.S.C. § 1692e(2)(A);

- Defendants' false representations were used in an attempt to collect Plaintiffs' debts, in violation of 15 U.S.C. § 1692e(10);

- Defendants communicated to the General Sessions Court, the general public and Plaintiffs credit information that they knew, or should have known, to be false, in violation of 15 U.S.C. § 1692e(8);

- Defendants attempted to collect amounts (principal and interest) not expressly authorized by the agreement creating Plaintiffs' debt or permitted by law, in violation of 15 U.S.C. § 1692f(1);

- Defendants threatened to take action that could not legally be taken, in violation of 15 U.S.C. § 1692e(5).

3

In the three most-recently filed lawsuits – *Hickman, Fitch,* and *Voorhees* (*see* Fn. 1, *supra*, for full case name and number) – Plaintiffs add an allegation that Defendants failed to include the FDCPA's "mini-Miranda" language, pursuant to 15 U.S.C. § 1692e(11).

Plaintiffs allege in each case that the sworn affidavit signed by an authorized representative of LVNV was made without that representative's actual knowledge of the facts underlying the affidavit and that, as such, the affidavit constitutes a false representation for purposes of the FDCPA. Finally, in each case Plaintiff alleges that insofar as LVNV is a "collection service" for purposes of Tennessee state law, LVNV has not obtained a Tennessee collection service license and is also, for that reason, in violation of both the FDCPA and Tennessee state law.

In each of the Lawsuits, LVNV and its authorized representative have brought a motion, under either Fed. R. Civ. P. 12(b)(6) or 12(c), to dismiss the Lawsuit and, in each, the law firm either joined in the motion or brought a separate motion to dismiss Plaintiff's claims. The defendants' arguments and points of law are substantially similar in all the motions, as they are addressing substantially similar facts. If granted by this Court, Defendants' Rule 12 Motions would be case-dispositive and result in the dismissal of Plaintiffs' lawsuits.

### B. Consolidation

Because the eleven matters involve common questions of law and fact, Defendants LVNV and PYOD moved in each matter to consolidate the cases. On or about April 16, 2012, the six cases referenced above that were not originally assigned to Judge Greer and Magistrate Judge Inman were reassigned to them by order of the Chief U.S. District Court Judge for the Eastern District of Tennessee, Judge Curtis L. Collier. (*See, e.g.* Docket No. 19 in Case No. 2:12-cv-00077 (*Samuel Voorhees v. LVNV Funding, LLC, et al.*)). On April 30, 2012, the Court

held a hearing on LVNV's Motion to Consolidate, and Magistrate Judge Inman ordered a combined discovery process. (*See, e.g.* Docket No. 27 in Case No. 2:12-cv-00056 (*Angela Fitch v. LVNV Funding, LLC, et al.*)). Because of the upcoming summer seasons and varying holiday and vacation schedules of all parties and counsel, counsel for both sides agreed in the April 30 hearing to act quickly to finalize blocks of time during which their respective clients could be available for depositions. Defendants' counsel has proposed blocks of time in September and October for depositions of Plaintiffs and Defendants, respectively, to take place.[2] Notwithstanding the instant Motion, Defendants have agreed to "hold sacred" for depositions whichever of the two proposed weeks Plaintiffs' counsel would prefer.

## II.      Argument and Citation of Authority.

In the interests of judicial economy and to avoid undue burden on the parties and the Court, the Court should issue an order temporarily staying parties' discovery, including written discovery and deposition practice, pending the Court's ruling on the Rule 12 Motions. The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for its litigants. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970) (noting that district courts have discretionary authority to stay a case when the interests of justice so require); *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (district court did not abuse its discretion in staying discovery because the court had "sufficient information before it on which to rule"); *Kashi v. Gratsos*, 790 F.2d 1050,

---

[2] Plaintiffs' counsel has not been amenable to deposing Defendants in October. However, in conversations between counsel prior to the April 30, 2012, hearing on consolidation, parties were asked to draft a discovery plan assuming consolidation for discovery purposes. The parties were unable to agree on a limit of number of depositions because Plaintiffs' counsel stated that they did not know what other parties, besides Defendants, they would seek to depose. Counsel for Defendants took this to mean that Plaintiffs intended to promulgate some amount of written discovery prior to deposition practice. As such, late summer or early fall depositions are perfectly reasonable, provided the Court has already ruled on the dispositive motions.

1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings…when the interests of justice seem…to require such action") (internal quotations omitted); *accord SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980), *cert. denied*, 449 U.S. 993 (1980).

As set forth at length in each of the Rule 12 Motions, each of Plaintiffs' Complaints fails to state a cause of action that rises to the level of plausibility articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).[3]

If the Court rules in favor of LVNV and PYOD and the other Defendants on the pending Rule 12 Motions, those rulings will dispose of these actions in their entirety and any discovery conducted prior the rulings will have been premature and a waste of all parties' resources. In the event of dismissal, the time and resources the parties will have spent in drafting and responding to written discovery, and preparing for, traveling to, and taking depositions will have been wholly unnecessary. Moreover, Defendants, should they be required to engage in discovery, will have no recourse against Plaintiffs should the Rule 12 Motions be granted – they will simply have run up defense fees and expenses.

In the event that the Court rules in Plaintiffs' favor on the pending Rule 12 Motions, Defendants will have abided by the Court's order and will already have set aside dates for depositions and discovery practice will resume immediately.

---

[3] Plaintiffs' theory hinges on their hope that this Court will adopt wholesale the findings of another court in the Eastern District of Tennessee that, on different underlying facts, Plaintiff's simply alleging that the underlying collection lawsuit misstated or misrepresented the amount owed by Plaintiff rendered the Plaintiff's Complaint sufficient to survive a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Simmons v. Portfolio Recovery Associates, LLC*, No. 3:11-cv-280, 2012 WL 222935, *4 (E.D. Tenn. Jan. 25, 2012). Plaintiffs' pleading of misrepresentation in each of the above-captioned cases here, however, where not one of the Plaintiffs have disputed the debt with LVNV, is indeed itself wholly conclusory and unsupported by the underlying facts and, as such, cannot survive scrutiny under the *Twombly/Iqbal* standard.

6

WHEREFORE, for all of the above-stated reasons, LVNV and PYOD respectfully request that this Court, in the interests of judicial economy, efficiency, and fairness exercise its discretion and temporarily stay discovery practice in the above-captioned matters until such time as the pending Rule 12 Motions have been decided by the Court.

Dated: May 11, 2012

Respectfully submitted,

**ADAMS AND REESE, LLP**
By: /s Craig L. Meredith
Tricia T. Olson (#24643)
Craig L. Meredith (#29506)
ADAMS AND REESE, LLP
424 Church Street, Suite 2800
Nashville, Tennessee 37219
Tel: (615) 259-1450
Fax: (615) 259-1470
tricia.olson@arlaw.com
craig.meredith@arlaw.com

**MOSS & BARNETT**
 A Professional Association
Sarah E. Doerr (MN Bar #338679)*
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4129
Telephone:  (612) 877-5000
DoerrSarah@moss-barnett.com

*Admitted to practice in the Eastern District of Tennessee on April 30, 2012

**ATTORNEYS FOR DEFENDANTS LVNV FUNDING, LLC, and PYOD, LLC**

7

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been sent via the Court's CM/ECF system to all parties and counsel indicated on the electronic filing receipt. Copies may also be accessed through the Court's electronic filing system.

This 11th day of May, 2012.

s/ Craig L. Meredith