UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| LORINDA SMITH | ) | NO. 11-CV-379 |
| | ) | |
| JOAN LEPAGE | ) | NO. 2:12-CV-1 |
| | ) | |
| GREG SWANSON | ) | NO. 2:12-CV-2 |
| | ) | |
| ALFRED HICKMAN | ) | NO. 2:12-CV-45 |
| | ) | |
| SAMUEL VOORHEES | ) | NO. 2:12-CV-77 |
| | ) | |
| ALICE SMITH | ) | NO. 3:11-CV-510 |
| | ) | |
| ROBERT BRADFORD | ) | NO. 2:11-CV-291 |
| | ) | |
| MARY SMITH | ) | NO. 2:11-CV-356 |
| | ) | |
| CARL SELLS | ) | NO. 2:11-CV-355 |
| | ) | |
| ANGELA FITCH | ) | NO. 2:12-CV-56 |
| | ) | |
| V. | ) | |
| | ) | |
| LVNV FUNDING, LLC., *ET AL.* | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WILLIAM H. MELVIN | ) | NO. 2:11-CV-288 |
| | ) | |
| V. | ) | |
| | ) | |
| PYOD, LLC, *ET AL.* | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR THE COURT TO SET DEPOSITION DATES**

Defendants in the above-captioned cases[1] jointly submit this memorandum in opposition to Plaintiffs' Motion to Show Cause or, In The Alternative, For The Court to Set Deposition Dates ("Plaintiffs' Motion"). In their motion, Plaintiffs claim that Defendants have failed to "live up to the spirit" of the parties' agreed-upon discovery plan, namely by not agreeing to Plaintiffs' suggested deposition dates in mid-June. The e-mail exchanges submitted as Exhibit 1 in support of Plaintiffs' motion, however, illustrate that in the weeks since the Court's April 30, 2012 hearing, Defendants' counsel has endeavored to find a time for depositions that would be amenable to each of the eight named Defendants in the above-captioned matters.

## I. The April 30, 2012 Hearing

As Plaintiffs note in their Motion, Defendants moved to consolidate the above-captioned matters. Among the arguments set forth in Defendants' motions to consolidate was that consolidated discovery practice would create efficiencies for the Court and for the parties where the cases present common questions of law and fact. (*See, e.g., Bradford v. LVNV Funding, LLC, et al.* (Case No. 2:11-cv-00291), Docket Entry ("D.E.") No. 25 at pp. 4-5.) The Court set Defendants' Motions to Consolidate on for hearing on April 30, 2012. (*See id.*, D.E. No. 31.)

Prior to the hearing, the Court asked the parties' counsel to confer in advance of the hearing and draft a discovery plan to present at the hearing in the event that the Court ordered joint discovery. (*See id.*, D.E. No. 32.) After a number of conference calls and e-mail exchanges, counsel for the parties created a draft discovery plan and submitted it to the Court on April 27, 2012. A true and correct copy of the parties' submission is attached hereto as **Exhibit 1**. In the cover e-mail, Plaintiffs' counsel Alan Lee notes that "the parties have agreed on most things, except the number of depositions to be taken." (*See* Ex. 1 at p. 2.)

---

[1] Variously, LVNV Funding, LLC, PYOD, LLC, Tobie Griffin, Steve Hawkins, Nikki Foster, Buffaloe & Associates, PLC, Nathan & Nathan, PC, and Hosto & Buchan, PLLC.

In fact, the number of depositions had been the "sticking point" throughout counsel's pre-hearing conferences and exchanges. In an earlier version of the draft discovery plan, circulated among counsel on April 24, 2012, counsel for Plaintiffs noted, in redline, in the paragraph relating to depositions, "<u>Unable to agree to limit # of depositions. Plus do not know what currently undisclosed third parties are involved in ownership or collection of the debts and how many different individuals may need to be [deposed] from those entities.</u>" A true and correct copy of Alan Lee's April 24, 2012 e-mail and attachment is attached hereto as **Exhibit 2**. Defendants' counsel's impression from this statement as well as their discussions with Plaintiffs' counsel, was that Plaintiffs planned to promulgate written discovery to attempt to ascertain the identities of other potential deponents.

At the hearing on April 30, 2012, the Court indicated that it favored a consolidated discovery process, and counsel agreed that it made most sense, and would be most efficient, to conduct depositions in two "blocks" (one for Plaintiffs, one for Defendants) of up to a week in length each. Counsel agreed that Plaintiffs would be deposed in Greeneville, Tennessee and Defendants would be deposed in Greenville, South Carolina. The Court and counsel also discussed the upcoming summer vacation season and agreed that it would be prudent for counsel to confer with their respective clients and get the deposition "blocks" on the calendar before counsel and the various parties and potential deponents finalized summer vacation plans. Counsel agreed to do so by May 14, 2012.

## II. The May 2, 2012 Order

In its order, dated May 2, 2012, the Court ordered that depositions of Defendants "should be commenced and concluded within a block of two or three days, or as necessary to complete the depositions, and that block time scheduled in the near future before counsel or the deponents

3

finalize vacation schedules." (*See, e.g., Bradford v. LVNV Funding, LLC, et al.* (Case No. 2:11-cv-00291), D.E. No. 35 at p. 2.)

Counsel for Defendants consulted their own calendars and then proceeded to confer with their clients to determine a block of dates that would work for all of them – two corporate defendants (LVNV and PYOD), three individuals (Griffin, Hawkins, and Foster), and three law firms (Buffaloe & Associates, Nathan & Nathan, and Hosto & Buchan). Given the defendant law firms' busy trial calendars, the first two weeks of October were the earliest dates that worked for all involved. Contrary to Plaintiffs' assertion, there was no bad faith or artifice on Defendants' part. Defendants simply are, as the Court rightly anticipated, highly scheduled throughout the summer months. Defendants are currently holding the first two weeks of October "sacred" for these depositions, and await only Plaintiffs' advice as to which of the two weeks they prefer.

In their Motion, Plaintiffs argue that because fact discovery closes on November 1, 2012, early October deposition dates will preclude them from being able to calendar additional depositions, bring motions to compel, or raise other discovery issues. Under the circumstances, Defendants will not oppose a motion to push back the November 1 deadline should such a motion be necessary due to Defendants' unavailability for depositions until October. Furthermore, Defendants note that a discovery status conference is set for October 15, at which time Plaintiffs will have the opportunity to raise any such issues with the Court.

**III.     Defendants' Motion to Stay Discovery Pending Resolution of Dispositive Motions**

Separate and apart from Defendants' schedules, setting the depositions for early fall also allows for the possibility that the resolution of Defendants' pending motions under Fed. R. Civ. P. 12(b)(6) and 12(c) might eliminate the need for any depositions. Defendants in each of the

4

above-captioned matters have brought either a Motion to Dismiss or a Motion for Judgment on the Pleadings. The very purpose of Rule 12 motions is to allow litigants to avoid, where appropriate, unnecessary discovery. *See Wolfe v. MBNA America Bank*, 485 F. Supp. 2d 874, 879 (W.D. Tenn. 2007) ("Essentially, [a motion to dismiss for failure to state a claim] allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery.") (internal citation omitted). Forcing Defendants to forge ahead with depositions prior to the resolution of the Rule 12 motions would subvert the purpose of the Rule.

For that reason, Defendants have moved to stay discovery pending resolution of the dispositive motions. (*See, e.g., Bradford v. LVNV Funding, LLC, et al.* (Case No. 2:11-cv-00291), D.E. No. 36.) As argued in those motions: if the Court rules in favor of LVNV, PYOD and the other Defendants on the pending Rule 12 Motions, those rulings will dispose of these actions in their entirety. Consequently, any discovery conducted prior to the rulings will have been premature and a waste of all parties' resources. In the event of dismissal, the time and resources the parties will have spent in drafting and responding to written discovery, and preparing for, traveling to, and taking depositions will have been wholly unnecessary. On the other hand, because Defendants have abided by the Court's May 2 Order by setting aside dates for depositions, discovery practice may resume immediately if the Court rules in Plaintiffs' favor on the pending Rule 12 Motions.

## IV. CONCLUSION

As set forth above, Defendants have complied with the agreed-upon discovery plan and have provided Plaintiffs with a choice of dates for Plaintiffs' counsel to depose Defendants. Therefore, Defendants respectfully request that the Court DENY Plaintiffs' Motion to Show Cause or, In The Alternative, For The Court to Set Deposition Dates.

5

Dated: May 24, 2012

Respectfully submitted,

**ADAMS AND REESE LLP**
By: /s Craig L. Meredith
Tricia T. Olson (#24643)
Craig L. Meredith (#29506)
ADAMS AND REESE LLP
424 Church Street, Suite 2800
Nashville, Tennessee 37219
Tel: (615) 259-1450
Fax: (615) 259-1470
tricia.olson@arlaw.com
craig.meredith@arlaw.com


**MOSS & BARNETT**
 A Professional Association
Sarah E. Doerr (MN Bar #338679)*
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
Telephone: (612) 877-5000

* *Admitted to practice in the United States District Court for the Eastern District of Tennessee on April 30, 2012*

**ATTORNEYS FOR DEFENDANTS**

6

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been sent via the Court's CM/ECF system to all parties and counsel indicated on the electronic filing receipt. Copies may also be accessed through the Court's electronic filing system.

This 24th day of May, 2012.

                                                    s/ Craig L. Meredith

7

Case 2:11-cv-00288-JRG-DHI   Document 30   Filed 05/24/12   Page 7 of 7   PageID #: 271